McKinney, J.,
delivered the opinion of the Court.
On the 8th of March, 1856, the complainant purchased from the defendants, a tract of land, lying in Hamilton county, for the consideration of $28,000, which was paid; and the conveyance in fee, with the usual covenants of warrants and seizure, was executed by Smith and wife, the privy examination of the wife having been taken in proper form.
The land belonged to Mrs. Smith. Her title was *145 derived under the Will of her deceased father, Samuel Wilson, which bears date of the 17th of October, 1858.
The devise of the land . is to Mrs. Smith, “for the benefit of my daughter, Jane, (Mrs. Smith,) and her bodily heirs.” The bill seeks to have the contract rescinded and the deed cancelled, upon the. assumption that, under the foregoing devise, Mrs. Smith takes only an estate for life in the land conveyed in fee to the complainant.
The defendants demurred to the bill, and the demurrer was allowed, and the bill dismissed. The Act of 1852, ch. 91 — copied into the Code, sec. 2008 — has no application to this case. By the common law, the words of the devise, “for the benefit of my daughter, Jane, and her bodily heirs,” would have created a conditional fee; that is, an estate which restrains the fee to some particular heirs, exclusive of others, as to the heirs of a man’s body, or to the heirs, male, of his body.
But with us, estates tail, general and special, were long since entirely abolished. By the North Carolina Statute of 1784, ch. 22, sec. 5, which we have retained, such estates were converted into estates in fee simple absolute; and this provision is re-enacted by the Code, sec. 2007.
It follows, therefore, that the conveyance of the defendants is operative to invest the complainant with an estate in fee simple, consequently the demurrer was properly allowed.
Decree affirmed.